IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FREDERICK W. SMITH, JR., | § | |
| | § | No. 76, 2022 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Crim. ID No. 93007368DI (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: May 23, 2022
Decided: July 12, 2022

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## **O R D E R**

(1)    The appellant, Frederick W. Smith, Jr., filed this appeal from the Superior Court's order, dated February 23, 2022, denying his motion for correction of an illegal sentence. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Smith's opening brief that his appeal is without merit. We agree and affirm.

(2)    In 1993, a Superior Court jury convicted Smith of two counts of second-degree unlawful sexual intercourse, third-degree unlawful sexual penetration, and third-degree assault. In January 1994, the Superior Court sentenced him to a total

of thirty-six years in prison, suspended after thirty-two years for probation. This Court affirmed on direct appeal.[1]

(3) Shortly after his release from prison on probation and conditional release, Smith was charged with a violation of probation ("VOP") and conditional release. At a hearing on March 17, 2021, the Superior Court found that Smith had violated his probation and conditional release and deferred sentencing, ordering that Smith first undergo a presentencing psychiatric evaluation. On August 31, 2021, the Superior Court discharged Smith's conditional release and sentenced him on the VOP to four years of imprisonment, suspended for two years of Level III probation with GPS monitoring. The sentencing order also provided that Smith was required to complete sex offender treatment while on Level III probation and expressed "zero tolerance" for failure to do so.

(4) On October 7, 2021, a probation officer filed an administrative warrant alleging that Smith was in violation of probation because, among other alleged violations, he refused to sign documents allowing a counselor to begin the assessment for sex offender treatment. At a hearing on November 3, 2021, the Superior Court found that Smith had violated his probation. The court sentenced him to four years of imprisonment, suspended after eleven months and successful

---

[1] *Smith v. State*, 669 A.2d 1 (Del. 1995).

completion of the Transitions Sex Offender program for six months of Level III probation.

(5) Smith did not appeal from the VOP adjudication and sentence. On January 13, 2022, he filed a motion for correction of illegal sentence, in which he asserted that the VOP sentence is illegal because the probation officer made false allegations regarding his refusal to sign the sex offender assessment paperwork and the other alleged violations. He filed an amendment to the motion on February 4, 2022, in which he contended that the VOP sentence is illegal because the court could impose no more than thirty days of incarceration for Smith's "alleged petty violation of probation." The Superior Court denied the motion, and Smith has appealed to this Court.

(6) We review the denial of a motion for correction of sentence for abuse of discretion.[2] To the extent the claim involves a question of law, we review the claim *de novo*.[3] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[4]

---

[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[3] *Id.*
[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

3

(7)     We find no error in the Superior Court's denial of Smith's motion. "The narrow function of Rule 35(a) is to 'permit correction of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence.'"[5] Smith's attempt to use a motion for correction of sentence to challenge the court's determination that he violated his probation is outside the limited scope of Rule 35(a).[6]

(8)     The VOP sentence also does not exceed statutory limits or the Level V time that was previously imposed. When sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[7] Contrary to Smith's assertion, the Superior Court had previously discharged Smith's conditional release, but not his probation or the balance of his Level V time.[8]

---

[5] *Warnick v. State*, 2017 WL 1056130, at *1 (Del. Mar. 20, 2017) (quoting *Brittingham*, 705 A.2d at 578).

[6] *See Pipkin v. State*, 2004 WL 2419087, at *1 (Del. Oct. 26, 2004) ("Rather than filing a direct appeal to this Court from the finding of a VOP, Pipkin instead chose to file a motion for sentence modification pursuant to Rule 35. However, Pipkin may not use the instant appeal from the Superior Court's denial of his Rule 35 motion to collaterally attack the merits of his VOP conviction."); *Fisher v. State*, 2003 WL 1443050, at *2 (Del. Mar. 19, 2003) ("Fisher may not use this appeal, from the denial of a reduction of sentence, to collaterally attack the merit of his VOP conviction.").

[7] 11 *Del. C.* § 4334(c).

[8] State's Mot. To Affirm Ex. C.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_/s/ Tamika R. Montgomery-Reeves_
Justice